IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KWANG HOON SON, and ) <br> PYONG UK KIM ) <br> on behalf of themselves and all other ) <br> Plaintiffs similarly situated known and unknown, ) <br> ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> COMPREHENSIVE PAIN & ) <br> REHABILITATION CENTER, LTD. and ) <br> DAVID Y. KIM ) <br> ) <br> Defendants. ) | Case No. 15-cv-03758 <br><br> Judge |

## COMPLAINT

Plaintiffs, KWANG HOON SON and PYONG UK KIM through their attorney Ryan Kim of Inseed Law, P.C., on behalf of themselves and all other Plaintiffs similarly situated known and unknown, for their Complaint against COMPREHENSIVE PAIN & REHABILITATION CENTER, LTD. and DAVID Y. KIM ("Defendants"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105 *et. seq.* ("IMWL") for Defendants' failure to pay overtime and minimum wages to Plaintiffs. During the course of their employment by Defendants, despite Plaintiffs were working in excess of forty (40) hours per week, Plaintiffs were not paid overtime wages. Plaintiffs further allege that Defendants' failure to pay the overtime wages is willful and intentional. Plaintiffs' Consent Forms to be representative Plaintiffs in this collective action under the FLSA are attached hereto as Exhibit A.

1

**THE PARTIES**

2. Plaintiffs were at all times relevant hereto employees of Defendants.

3. Plaintiffs were at all times relevant hereto individuals employed in the State of Illinois by Defendants.

4. Plaintiffs were at all times relevant hereto resided in the State of Illinois.

5. Plaintiffs were at all times relevant hereto non-exempt employees within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiffs are filing this FLSA claim as individual action for themselves.

7. For the period commencing on or about June, 2011 until April 15, 2015, Plaintiff Kwang Hoon Son regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

8. For the period commencing on or about September 1, 2014 until the present, Plaintiff Pyong Uk Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

9. Plaintiffs performed work for Defendants the said excess of forty (40) hours per week work as an express condition of their continued employment.

10. Throughout Plaintiffs' employment, Defendants paid Plaintiffs fixed amount regardless of the number of hours they worked in a day or the number of hours they worked in a workweek.

11. Plaintiffs Kwang Hoon Son and Pyong Uk Kim regularly worked more than 40 hours a week and were not paid for overtime hours.

12. Plaintiffs Kwang Hoon Son and Pyong Uk Kim regularly worked more than 40 hours per week while employed by Defendants.

13. Plaintiffs worked as driver for Defendants, picking up and dropping off patients.

14. Plaintiffs were assigned to the said manual labor work by Defendants.

15. Plaintiffs were not required to possess any specialized skills in order to do the assigned work for Defendants.

16. Plaintiffs did not have to supply their own tools and equipment in connection with their work for Defendant.

17. Plaintiffs were required to report to work for Defendants at a certain time.

18. Plaintiffs could not set their own hours of work for Defendants.

19. Plaintiffs were not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

20. Defendant, Comprehensive Pain & Rehabilitation Center, Ltd. is at all relevant times hereto engaged in the business of Chiropractic Clinic.

21. Defendant, Comprehensive Pain & Rehabilitation Center, Ltd. is and was at all relevant times hereto engaged in the interstate commerce.

22. Defendant David Y. Kim ("Kim") managed, supervised, established and administered the terms and conditions of Plaintiff Kwang Hoon Son's employment from about June, 2011 until April 15, 2015.

23. Defendant David Y. Kim ("Kim") managed, supervised, established and administered the terms and conditions of Plaintiff Pyong Uk Kim's employment from about September 1, 2014 to the present.

24. Defendant Kim participated in and approved of the unlawful pay practices at Comprehensive Pain & Rehabilitation Center, Ltd.

25. Defendant Kim was involved in assigning work to Plaintiffs.

26. Defendant Kim had the power and authority to discipline Plaintiffs.

27. Defendant Kim exercised authority over the terms and conditions of Plaintiffs' employment and how much and the manner in which Plaintiffs were paid.

28. Defendant Kim hired Plaintiffs.

29. Defendant Kim was in charge of paying employees.

30. Defendant Kim told Plaintiffs where to work and when to work.

31. Defendants employed Plaintiffs to do work for them in the State of Illinois.

32. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

33. Defendants provided the tools and equipment and materials for Plaintiffs to do their job with Defendants.

34. Defendants held Plaintiffs out as employees.

35. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

36. Defendants' failure to properly pay Plaintiffs for minimum and overtime wages was intentional and willful.

37. No exemption from minimum and overtime wages applied to Plaintiffs' employment with Defendants.

38. Defendants never obtained legal advice or counsel that its overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

39. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

40. No exemption from overtime applies or applied to Plaintiffs when they worked or worked more than 40 hours in a workweek for Defendants.

41. Defendants failed to pay Plaintiffs overtime compensation for all hours worked in excess of 40 hours per workweek.

42. Defendants' failure to pay Plaintiffs at the proper overtime rate was intentional and willful.

43. Defendant David Y. Kim is citizen and resident of Cook County.

## JURISDICTION AND VENUE

44. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (All Plaintiff)

45. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and re-allege each and every allegations set forth in this Complaint as though set forth fully at length herein.

46. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for its failure to pay minimum and overtime wages to Plaintiffs for all hours worked.

47. During the course of their employment by Defendants, Plaintiffs regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

48. Plaintiffs performed work for Defendants the said excess of forty (40) hours per week work as an express condition of their continued employment.

49. Throughout Plaintiffs' employment, Defendants paid Plaintiffs fixed amount per week regardless of the number of hours they worked in a day or the number of hours they worked in a workweek.

50. Plaintiffs regularly worked more than 40 hours a week and were never paid any amount of overtime wages.

51. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

52. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

53. Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

54. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

55. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

56. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

57. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.     A judgment in the amount of one and one-half times Plaintiffs' regular rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

    B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.     Reasonable attorney's fees and costs incurred in filing this action; and

    D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Collective Action under § 216(b) of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

58.     Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Complaint into this count.

59.     The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

60.     At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

61.     During the applicable statute of limitations, Defendants have failed to pay Plaintiffs and members of the FLSA Collective the federally mandated minimum wage for all hours worked.

62.     Plaintiffs and the FLSA Collective do not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

63.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Plaintiffs, on behalf of themselves and the FLSA Collective, seek damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

65. Plaintiffs, on behalf of themselves and the FLSA Collective, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT III
### Violation of the Illinois Minimum Wage Law - Minimum Wages
### (All Plaintiff)

66. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and re-allege each and every allegations set forth in this Complaint as though set forth fully at length herein.

67. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

68. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law. 820 ILCS 105/1 *et seq.* Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

69. At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were "employees" within the meaning of that Act.

70. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated minimum wages.

71. Defendants did not compensate Plaintiffs minimum wages for all hours worked.

8

72. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs minimum wages for all hours worked.

73. Pursuant to 820 ILCS 105112(a), Plaintiffs are entitled to recover their unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (All Plaintiff)

74. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and re-allege each and every allegations set forth in this Complaint as though set forth fully at length herein.

75. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

76. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

77. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

78. Defendants failed to compensate Plaintiffs overtime wages for hours worked in excess of forty (40) in individual work weeks.

79. Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiffs overtime wages for hours worked in excess of forty (40) in individual work weeks.

80. Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

81. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all hours which Plaintiffs worked in excess of forty (40) hours per week

B. Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: April 29, 2015

    /s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiffs