```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| KWANG HOON SON and PYONG UK KIM, on Behalf of Themselves and all Other Plaintiffs similarly situated known and unknown, | |
| Plaintiffs, | Case No. 15 C 3758 |
| v. | Judge Harry D. Leinenweber |
| COMPREHENSIVE PAIN & REHABILITATION CENTER, LTD., and DAVID Y. KIM, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(7) [ECF No. 45]. For the reasons stated herein, the Motion is denied.

### I.  BACKGROUND

Plaintiffs brought this action under the Fair Labor Standards Act ("FLSA") on behalf of themselves and the putative class, alleging that Defendants, Comprehensive Rehabilitation Center ("CRC") and David Y. Kim, failed to pay proper wages and time-and-one-half overtime compensation to numerous CRC employees. Plaintiffs claim that they were employed by CRC as drivers tasked with providing transportation services to patients. Defendants now move to dismiss the action for failure to join an indispensable

party, namely Hankook Pain & Rehabilitation ("HPR"). Defendants argue that Plaintiffs were employees of HPR, not CRC, and therefore if anyone is liable to Plaintiffs under the FLSA it is HPR.

In support, Defendants cite to the affidavit of Defendant Kim, in which he states that HPR and CRC entered into an oral agreement under which CRC agreed to provide certain physician services to HPR patients. Kim Aff. ¶ 5. HPR agreed to provide the transportation services for its patients who received treatment from CRC, and in return, CRC agreed to pay HPR a flat monthly fee of $3,800. *Id.* at ¶ 6. In his affidavit, Defendant Kim also describes Plaintiffs' relationship with HPR, claiming that "at all times relevant, the Plaintiffs were employees of HPR and worked for HPR as drivers . . . provid[ing] transportation services for HPR patients who received services under the [agreement with CRC] as well as for HPR patients who received services from HPR exclusively." *Id.* at ¶ 7. Defendant Kim states that under the oral agreement with HPR, CRC was required to pay a portion of the $3,800 monthly fee to Plaintiff Son directly. *Id.* at ¶ 8. But neither CRC nor Defendant Kim ever interviewed, hired, supervised, directed, controlled, terminated, disciplined, reprimanded, promoted, determined the rate of compensation or the work schedule, or changed the employment status of any of the Plaintiffs, nor did they have the authority to do so. *See, id.* Rather, Defendant Kim claims that all of this was done by HPR. *See, id.*

Plaintiffs contest the characterization of HPR as their true employer. They rely on the affidavits of Plaintiffs Son and Kim, both of whom assert (consistently with the allegations in the Complaint) that at all relevant times they were employed by Defendants, not HPR. Plaintiffs also provide copies of numerous paychecks issued to Plaintiff Son by Defendant CRC, and a copy of Plaintiff Son's W-2 form from 2013 stating that he was an employee of CRC.

## II. LEGAL STANDARD

For purposes of a motion to dismiss for failure to join a party under Rule 19, the Court must accept the allegations in the Complaint as true. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001). But it may also consider extrinsic evidence. *Id.* at 480 n.4. Further, the moving party has the burden of persuasion when it argues for dismissal pursuant to Rule 19.

## III. ANALYSIS

"The purpose of Rule 19 is to 'permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources.'" *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 634 (7th Cir. 2009) (*quoting Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990)). A court analyzing a motion to dismiss based on Rule 19 uses a two-step inquiry. *Davis Cos.*, 268 F.3d at 481. The first step is to identify the "persons required to be joined if feasible." *Askew,*

568 F.3d at 635. Rule 19(a)(1) sets forth who is a "required party," and states as follows:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).

Defendants argue that HPR must be joined as a "required party" because: (a) HPR constitutes the Plaintiffs' "employer" under the "economic realities" test under prevailing FLSA standards; and (b) given the agreement between CRC and HPR, there is a substantial risk that Defendants will be subject to double liability as a result of HPR's absence. In support of these assertions, Defendants attach only the affidavit of Defendant Kim. Although in ruling on a motion to dismiss for failure to join a necessary party, the Court may consider affidavits and other extrinsic evidence, the Court is also obligated to accept the allegations in the complaint as true. *Davis Cos.*, 268 F.3d at 479 n.2. The affidavit of Defendant Kim directly contradicts the allegations in the Complaint. Moreover, Defendant Kim's assertion that HPR was Plaintiffs' employer is undermined by

the other extrinsic evidence presented to the Court, including Plaintiff Son's paychecks and W-2 forms issued by CRC. Defendant Kim explains that the checks were issued under the terms of CRC's agreement with HPR and that the W-2 form was issued mistakenly by CRC's accountant, but these claims are unsubstantiated. In light of documentary evidence suggesting the contrary, the Court is unwilling to accept Defendant Kim's self-serving affidavit, standing alone, as true.

Because Defendants have not carried their burden of proving that HPR is a necessary party under Rule 19(a), the Court need not consider whether HPR is indispensable within the meaning of Rule 19(b). However, should Defendants discover additional support for their position, after further investigation, they are free to move for permissive joinder of HPR under Rule 20.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss for Failure to Join an Indispensable Party is denied.

**IT IS SO ORDERED.**

  
_____  
Harry D. Leinenweber, Judge  
United States District Court

Dated: 6/10/2016